UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------X
ANGELA LOFTEN,

        Plaintiff,

        -against-

JOHN T. MATHER MEMORIAL HOSPITAL,

        Defendant.
------------------------------------------------------------X

MEMORANDUM AND ORDER

CV 14-7208

(Wexler, J.)

APPEARANCES:

NAIBURG OBEDIN & WEISSMAN LLP
By:   Scott Lockwood, Esq.
320 Carleton Avenue
Central Islip, NY 11722
Attorneys for Plaintiff

PUTNEY, TWOMBLEY, HALL & HIRSON, LLP
By:   Michael T. McGrath, Esq.
      Eric D. Distelburger, Esq.
521 Fifth Avenue
New York, NY 10175
Attorneys for Defendant

FILED
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y.
★ MAY 26 2016 ★
LONG ISLAND OFFICE

WEXLER, District Judge:

       Plaintiff Angela Loften ("Loften" or "Plaintiff") brings this action alleging gender and race discrimination in violation of Title VII of the Civil Rights Act, 42 U.S.C. §2000(e), *et seq.* Defendant John T. Mather Memorial Hospital ("Mather" or "Defendant") moves to dismiss the complaint pursuant to the Federal Rules of Civil Procedure ("Fed.R.Civ.P."), Rule 12(b)(6) on the grounds that the claims are time-barred and fail to state a claim. For the reasons that follow, Defendant's motion is granted.

## BACKGROUND

       The relevant facts as alleged in the complaint are as follows. Plaintiff first became

employed with the Defendant in 1997 as a per diem nurse, and in 1998, she was hired full-time. Thereafter, she took maternity leave, returning in 2000 as a part-time secretary. She continued to work on a part-time basis from 2000-2004, becoming full-time on June 11, 2004.

In April 2007, Plaintiff took a medical leave for pneumonia, and returned on a part-time basis, pursuant to her doctor's instructions, on May 23, 2007. Once cleared by her doctor, Plaintiff applied for full-time positions. During the seven-year period that followed, "Plaintiff has applied for numerous full time positions and has been denied each and every time." Complaint ("Cmplt.") ¶ 18. She claims she was "demoted" because of her gender. Cmplt. ¶ 21. Plaintiff was given a full-time position in July 28, 2014, she alleges after she filed a complaint with the New York State Division of Human Rights ("NYSDHR").

Plaintiff filed her complaint with the NYSDHR on January 31, 2014, claiming she suffered discrimination on the basis of her gender, her disability (due to her medical leaves) and retaliation (for taking her medical leaves). See Cmplt, Exhibit ("Ex." A). That complaint alleged the most recent act of discrimination was December 30, 2013. Id. By order dated May 29, 2014, the NYSDHR found there was "no probable cause to believe the [Defendant] engaged in or is engaging in the unlawful discriminatory practice alleged." See Declaration of Eric D. Distelburger ("Distelburger Dec."), Ex. 2 (the "Order"). The U.S. Equal Employment Opportunity Commission ("EEOC") adopted the findings of the NYSDHR and issued a "right to sue letter" dated September 3, 2014. In opposition to this motion, Plaintiff has submitted an affidavit stating that she received the "right to sue" letter on September 11, 2014.[1] This

---

[1] This affidavit overcomes the presumption that the "right to sue" letter was received three days after mailed by the EEOC. Pursuant to the letter itself, the 90-day period to file suit begins when the letter is received by the plaintiff. See Cmplt., Ex. B. Since Plaintiff has overcome this

complaint was filed on December 10, 2014.

## DISCUSSION

I.   Standards on Motion to Dismiss

In considering a motion to dismiss made pursuant to Rule 12(b)(6), the court must accept the factual allegations in the complaints as true and draw all reasonable inferences in favor of Plaintiff. Lundy v. Catholic Health System of Long Island Inc., 711 F.3d 106, 113 (2d Cir. 2013) (citations omitted); see Ruston v. Town Bd. for Town of Skaneateles, 610 F.3d 55, 58-59 (2d Cir. 2010). The plaintiff must plead enough facts "to state a claim for relief that is plausible on its face." BellAtlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007); see also Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009). A "formulaic recitation of the elements of cause of action will not do," and "[f]actual allegations must be enough to raise a right to relief above the speculative level." Twombley, 550 U.S. at 555. "Determining whether a complaint states a plausible claim for relief" is a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense." Iqbal, 556 U.S. at 679. Reciting bare legal conclusions is insufficient, and "[w]hen there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." Iqbal, at 679.

II.  Statute of Limitations

Title VII requires that a plaintiff claiming discrimination in New York file an

---

presumption, Defendant has abandoned its argument that the complaint was not filed within the 90-day period. See Defendant's Reply ("Def. Reply"), at 1, n. 1. Yet, Defendant does not abandon its argument that the filing of the administrative complaint with the NYSDHR was not timely. Id., at 1. The Court will address that issue below.

administrative charge within 300 days of an unlawful employment practice. National R.R. Passenger Corp. v. Morgan, 536 U.S. 101, 109, 122 S.Ct. 2061, 2071 (2002) (citing 42 U.S.C. § 2000e-5(e)(1)); Patterson v. County of Oneida, N.Y., 375 F.3d 206, 220 (2d Cir. 2004); Johnson v. County of Nassau, 2014 WL 4700025, at *10 (E.D.N.Y. Sept. 22, 2014); Fanelli v. New York, 51 F.Supp.3d 219, 227-228 (E.D.N.Y. 2014). Each discrete discriminatory act is time barred if it is not filed within the requisite period of time, even if it is related to a timely filed charge. Morgan, 536 U.S. at 113, 122 S.Ct. at 2072 ("discrete discriminatory acts are not actionable if time barred, even when they are related to acts alleged in timely filed charges. Each discrete discriminatory act starts a new clock for filing charges alleging that act."); Patterson, 375 F.3d at 220 (Title VII "'precludes recovery for *discrete* acts of discrimination...that occur outside the statutory time period' even if other acts of discrimination occurred within")(citations omitted; emphasis in original). A demotion, which is what Plaintiff alleges she suffered, is a "discrete" act. Crosland v. City of New York, 140 F.Supp.2d 300, 308 (S.D.N.Y.2001) ("It is well settled law that transfers, demotions, failure to compensate adequately, and failure to promote are all discrete acts which do not constitute a continuing violation.").

Plaintiff's complaint alleges she was demoted when she returned from her medical leave on May 23, 2007 and was employed as a parti-time employee. Cmplt., ¶¶ 18-21. Her administrative complaint, filed on January 31, 2014, was filed well more than 300 days after the discrete act of her demotion. As such, the claim is time-barred. Murray v. Visiting Nurse Services of N.Y., 528 F.Supp.2d 257, 266 (S.D.N.Y. 2007) (finding plaintiff's claim that she was

demoted more than 300 days prior to the filing of her administrative claim was time-barred).[2]

III. Failure to State A Claim

Even if Plaintiff's gender[3] discrimination claim was not time-barred, it fails to state a claim. To make a *prima facie* case of discrimination, a plaintiff must show (1) she was within a protected class; (2) she was qualified for the position; (3) she was subject to an adverse employment action; and (4) the adverse action occurred under circumstances giving rise to an inference of discrimination. Fanelli v. New York, 51 F.Supp.3d 219, 230 (E.D.N.Y. 2014) (citing McDonnell Douglas Corp. v. Green, 411 U.S. 792, 93 S.Ct. 1817, 36 L.Ed.2d 668 (1973) and Leibowitz v. Cornell Univ., 584 F.3d 487, 498 (2d Cir. 2009)); Graham v. Long Island R.R., 230 F.3d 34, 38 (2d Cir. 2000).

The Second Circuit has recently stated that at the pleading stage, a plaintiff asserting a claim of employment discrimination under Tile VII need only "sustain a *minimal* burden of showing facts suggesting an inference of discriminatory motivation." Littlejohn v. City of New York, 795 F.3d 297, 311 (2d Cir. 2015) (emphasis in original). Plaintiff's allegations here fail to meet this burden. The complaint contains facts reflecting the chronology of Plaintiff's employment, including the positions she held and the leaves she took, but fails to include any facts that substantiate any inference of discrimination. Instead, she relies on conclusory

---

[2]Defendant asserts that even giving Plaintiff the benefit of arguing that she was also demoted in 2010 when she was given per diem work as noted in the NYSDHR order (but not alleged in the complaint), that act occurred more than 300 days before the filing and is therefore untimely. The Court agrees.

[3]In opposition to the motion, Plaintiff agrees that failure to include a claim of race discrimination in the administrative complaint is fatal to her race discrimination claim under Title VII. See Pl. Mem., at 4. That claim is therefore dismissed.

statements such as, "the Plaintiff was demoted because of her female gender," without more. Cmplt. ¶ 21. As stated in Iqbal, merely reciting legal conclusions is insufficient, and the pleadings requirements of Rule 8 "demand[] more than an unadorned, the-defendant-unlawfully-harmed-me accusation." Iqbal, 556 U.S. 678-679 (citations omitted). For this reason Defendant's motion to dismiss is granted.

## CONCLUSION

For the reasons stated above, the Court grants Defendants' motion to dismiss. The Clerk of the Court is directed to close the file.

SO ORDERED.

/s/ LEONARD D. WEXLER
LEONARD D. WEXLER
UNITED STATES DISTRICT JUDGE

Dated: Central Islip, New York
       May 26, 2016